11-945
Wu v. Holder

BIA
Nelson, IJ
A088 775 700

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand thirteen.

PRESENT:
        ROSEMARY S. POOLER,
        ROBERT D. SACK,
        DENNY CHIN,
            *Circuit Judges.*
_____

YONGJIN WU,
        *Petitioner,*

        v.                              11-945
                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General;
                       Ernesto H. Molina, Jr., Assistant
                       Director; Dana M. Camilleri, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department of
                       Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yongjin Wu, a native and citizen of the People's Republic of China, seeks review of a February 18, 2011, decision of the BIA affirming the June 9, 2009, decision of Immigration Judge ("IJ") Barbara Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yongjin Wu*, No. A088 775 700 (B.I.A. Feb. 18, 2011), aff'g No. A088 775 700 (Immig. Ct. N.Y. City June 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have considered both the BIA's and the IJ's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Where an applicant for asylum or withholding of removal has not alleged past persecution, he must demonstrate a well-founded fear of future persecution to be eligible for relief.

2

*See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006). An applicant may make this showing in one of two ways: first, by demonstrating that he "'would be singled out individually for persecution,'" or, second, by "prov[ing] the existence of 'a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant' . . . and . . . establish[ing] 'his or her own inclusion in, and identification with, such [a] group.'" *Id.* (quoting 8 C.F.R. § 208.13(b)(2)(iii)). "Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

In this case, Wu does not allege that he suffered any past persecution in China, and the agency reasonably concluded that Wu failed to establish a well-founded fear of future persecution in China. Wu offered no evidence that authorities in China are aware that he practices Christianity. Wu argues instead that, if returned to China, he will proselytize, and, thus, his religious beliefs will be revealed to the

3

authorities, and he will be subject to persecution.  As an initial matter, the testimony of Wu's pastor demonstrated that Wu does not need to spread the gospel in public to practice his faith.  Rather, it can be done in private.

Further, to the extent that Wu might openly practice his faith in China, substantial evidence supports the agency's conclusion that Wu's fear of persecution is not well-founded.  The background materials provided by Wu in support of his application demonstrate that, although the practice of Christianity is restricted in some areas, the degree of restriction varies widely from province to province.  Wu offered no evidence demonstrating that Christians in Fujian are subject to persecution.  Although he offered letters describing incidents of negative treatment of Christians in his province, neither letter established that Wu would be persecuted for proselytizing or described harm rising to the level of persecution.  Brief periods of detention, on their own, do not rise to the level of persecution. *See Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005), *overruled on other grounds* by *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007).  Nor do unfulfilled threats. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449

4

F.3d 408, 412-13 (2d Cir. 2006). Accordingly, neither letter supports Wu's claim that he has a well-founded fear of persecution on the basis of his Christian faith. Absent "solid support" in the record that his fear is objectively reasonable, Wu's claim that he fears future persecution is "speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

The agency also reasonably concluded that Wu failed to demonstrate a pattern or practice of persecution of Christians in China. Wu argues that the background materials describe the continued repression of religious practices in China. However, although the background materials demonstrate the mistreatment of some Christians in China, nothing in the record compels the conclusion that it is sufficiently "systemic, pervasive or organized" to establish a pattern or practice of persecution. *In re A- M-*, 23 I&N Dec. 737, 741 (BIA 2005).

Accordingly, the agency reasonably denied Wu's application for asylum. Because Wu's claims for withholding of removal and CAT relief are based on the same factual predicate as his asylum claim, we find that the agency reasonably denied those claims as well. *See* 8 C.F.R.

5

§ 1208.13(b)(2)(iii); 8 C.F.R. § 1208.16(b)(2)(i); *see also* *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk